UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANTHONY GENO MARTINSON,

    Plaintiff,

v.                           Case No.:  2:23-cv-598-SPC-KCD

T. CARTER, J. PETRILLO, PAULA
MANGERELLA, G. RAMIREZ,
GENE and CRUZ,

    Defendants.
_____/

## OPINION AND ORDER

    Before the Court is Plaintiff Anthony Geno Martinson's Complaint (Doc. 1).  Martinson is a pretrial detainee in Charlotte County Jail.  He sues several jail officials under 42 U.S.C. § 1983.  United States Magistrate Judge Kyle Dudek granted Martinson leave to proceed *in forma pauperis*, so the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief.  *See* 28 U.S.C. § 1915(e)(2).

    42 U.S.C. § 1983 authorizes civil-rights actions against state officials.  To state a claim for relief under § 1983, a plaintiff first must allege a violation of a right secured by the Constitution or under the laws of the United States; and second, allege that the deprivation was committed or caused by a person acting

under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Arrington v. Cobb County, 139 F.3d 865, 872 (11th Cir. 1998).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. Mitchell v. Farcass, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Id. (citing Twombly, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. Twombly, 550 U.S. at 555.

Martinson is representing himself in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. See Washington v. Dep't of Children & Families, 256 F. App'x 326, 327 (11th Cir. 2007).

Martinson claims jail officials twice served him peanut butter and jelly sandwiches after he informed members of the medical staff he is severely allergic to peanuts. He seeks compensatory damages for mental and physical anguish, punitive damages, and injunctive relief.

Martinson's complaint suffers from a few defects. First, his requests for compensatory damages are barred by 42 U.S.C. § 1997e(e), which states,

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.

Martinson does not allege a physical injury, so he cannot recover compensatory damages.

§ 1997e(e) does not bar Martinson's request for punitive damages, *see Hoever v. Marks*, 993 F.3d 1353, 1358 (11th Cir. 2021), but Martinson failed to state a claim that could justify punitive damages. "In a § 1983 action, punitive damages are only available from government officials when they are sued in their individual capacities." *Young Apartments, Inc. v. Town of Jupiter, FL*, 529 F.3d 1027, 1047 (11th Cir. 2008). To state a claim for punitive damages against a defendant, Martinson must plead that the defendant's conduct "is motivated by evil motive or intent or…involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 55 (1983).

Martinson has not alleged sufficient facts to create an inference that any individual defendant was motivated by evil motive or demonstrated reckless indifference to his health. Martinson does not clearly state who did what. He does not claim, for example, that a particular defendant both knew of his allergy and served him peanut butter.

While the complaint does not state a claim for compensatory or punitive damages, this action can proceed. A plea for nominal damages is implied. *See Furman v. Warden,* 827 F. App'x 927, 935 (11th Cir. 2020) ("For a non-lawyer, *pro se* litigant (at least), a plea for compensatory damages or for general damages, includes nominal damages: the greater includes the lesser."). And a prisoner may seek prospective injunctive relief to address a substantial risk of serious harm. *Dunn v. Dunn,* 219 F. Supp. 3d 1100, 1122 (M.D. Ala. 2016) (citing *Farmer v. Brennan,* 511 U.S. 825, 834 (1994)).

While Martinson's complaint partially survives a substantive review, the Court will still dismiss it without prejudice. Martinson presents the factual allegations in a single narrative paragraph. Federal Rule of Civil Procedure 10 requires a party to "state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." This rule is important. It ensures a complaint gives the defendants fair notice of the claims against them. To continue prosecuting this action, Martinson must file an amended complaint that complies with Rule 10.

Accordingly, it is now

**ORDERED:**

Plaintiff Anthony Geno Martinson's Complaint (Doc. 1) is **DISMISSED without prejudice**. Martinson may file an amended complaint—using the attached form[1]—by on or about **September 8, 2023**. Otherwise, the Court will enter judgment and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on August 18, 2023.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record

---

[1] The Clerk is **DIRECTED** to remove the CM/ECF header from the attached complaint form before printing and mailing it to the plaintiff.